JOHN B. BLAKE, Respondent, *v.* THE CITY OF ST. LOUIS, Appellant.

| 40 | 569 |
|----|-----|
| 33a | 190 |
| 40 | 569 |
| 56a | 19 |
| 40 | 569 |
| 69a | 523 |
| 40 | 569 |
| 139 | 135 |
| 40 | 569 |
| 82a | 526 |

*Action — Municipal Corporations — Negligence — Highways.*—Municipal corporations are bound to keep the streets and highways in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel, and if they neglect so to do they will be liable for all injuries happening by reason of their negligence; and they cannot avoid this responsibility by arrangements with other parties.

*Appeal from St. Louis Circuit Court.*

*A. W. Alexander,* for appellant.

*Sharp & Broadhead,* and *J. B. Goff,* for respondent.

The city could not surrender her jurisdiction over her streets so as to relieve herself of liability caused by their bad condition—Wallace v. Mayor of N. Y., 2 Hilton, 440; Mayor of New York v. Bailey, 2 Denio, 433–45; Mayor of N. Y. v. Freuze, 3 Hill, 612, and references; Wendell v. Mayor of N. Y., 39 Barb. 329; Nelson v. Vt. & C. R.R. Co., 26 Vt. 717.

The city was bound to keep her streets, and all the appurtenances thereto, in order and in safe condition for passen-

gers, and failing to do so, was liable for damages resulting from such failure; she has supreme power and exclusive jurisdiction over such streets, and the corresponding duty of exercising reasonable care over them is a necessary concomitant of such jurisdiction—Wallace v. Mayor of N. York, 2 Hilton, 440; Browning v. City of Springfield, 17 Ills. 143; Hutten v. Mayor of N. York, 5 Seld. 163; Mayor & Ald. of Memphis v. Sasser, 9 Humph. 757; Mayor of N. Y. v. Freuze, 3 Hill, 612; Mayor of N. Y. v. Bailey, 2 Denio, 433; Boston v. City of Syracuse, 37 Barb. 292; Wendell v. Mayor of N. Y., 39 Barb. 329; Weightman v. City of Washington, 1 Black (U. S.) 39; Nebraska City v. Campbell, 2 id. 590; Lloyd v. Mayor of N. Y., 1 Seld. 369; Storrs v. City of Utica, 17 N. Y. 104.

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought in the court below by Blake against the City of St. Louis to recover damages in consequence of an injury which he received by falling into an inlet or aperture on Fourth street. The aperture was left in an exposed condition, and Blake, passing along in the nighttime, fell in, and was severely injured in the spine, so as to render him a cripple for life. He obtained a verdict and judgment in the Circuit Court, and the city has appealed the case.

Several exceptions were taken at the trial to the admission and exclusion of evidence, and the giving and refusing of instructions; but they seem to have been all abandoned here, except the action of the court in overruling a motion to suppress the deposition of one Lewis.

There can be no doubt of the liability of the city; the charter vests in it the power "to open, alter, abolish, widen, extend, establish, grade, pave, or otherwise improve, clean and keep in repair streets," &c., at the public expense. It has general and exclusive jurisdiction over the streets, and, for the purpose of repairing, opening and improving the same, it is authorized to levy a tax within the corporate lim-

its. Municipal corporations are bound to keep the streets and highways in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel, and if they neglect to do this they will be held liable for all injuries happening by reason of their negligence.

Evidence was offered on the part of the city for the purpose of showing that, at the time the accident happened, it was the duty of a company having charge of the Southern Market to keep that portion of the street in repair where the injury occurred; this evidence was excluded by the court. We see no error in the ruling of the court in this regard. It was incumbent on the city to keep the streets in reasonably safe and good travelling condition, and with a view to this object it was vested with extensive supervising and controlling authority, and it could not avoid its responsibility by an arrangement with another party.

A motion was made and filed by the counsel for the city to suppress the deposition of Lewis, because the commission for taking the same was granted contrary to law. The motion was not called up for argument or determination, and the objection to its being read was not taken till after the jury was sworn, and the court then overruled the objection and permitted it to be read in evidence. The counsel for the respondent has cited to us a rule of the Circuit Court to sustain its action on this point, but the rule is not copied in the bill of exceptions, nor has it been furnished to us, and we cannot take judicial notice of the rules of the inferior courts, nor will we undertake to go through the respective clerks' offices in search of rules to suit the convenience or supply the negligence of counsel. The application for and the granting of the commission were both irregular, but had the deposition been suppressed it could have made no difference in the result of the cause.

The evidence was at best only cumulative, and the verdict is well sustained without it. The instructions presented correct declarations of law, and the case was well tried.

The judgment is affirmed. The other judges concur.