Smith et al. v. The City of St. Joseph.

THOMAS R. SMITH AND WIFE, Respondents, *v.* THE CITY OF ST. JOSEPH, Appellant.

1. *Practice, civil — Failure to file replication — Objection on account of, not considered unless raised in lower court.*—When the answer sets up new matter, and no replication is filed, defendant should move for judgment on the pleadings; and if no objection is taken or point raised as to any insufficiency or defectiveness in the court below, they will not afterward be considered in the Supreme Court.

2. *Damages — Defect in street — Previous knowledge of on part of person injured, a fact to be submitted to the jury.*—The fact that a person injured by a defect in a highway or street had previous knowledge of the defect, is not conclusive evidence of negligence on his part. It is a fact to be submitted, with other evidence, to the jury; and in an action to recover damages for an injury caused by such defect, it is only necessary for plaintiff to show that he exercised ordinary care to avoid the accident.

3. *Damages—Negligence—Corporations liable for injuries happening by reason of.*—Municipal corporations are bound to keep the streets and highways in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel; and if they fail to do this, they will be held liable for all injuries happening by reason of their negligence.

*Appeal from Fifth District Court.*

*Grubb, Hall & Oliver*, for appellant.

Plaintiffs knew the street mentioned in the petition was dangerous when they entered upon it. They had no right to proceed and take their chances, and, if they were actually injured, look to the city for indemnity. (Harton v. Inhabitants of Ipswich, 12 Cush. 492; Willson and Wife v. City of Charleston, 8 Allen, 188; 3 Allen, 21; Fox v. Town of Glastenburg, 29 Cow. 205; 50 Maine, 222; 51 Maine, 127.)

*Woodson, Vineyard*, and *Young*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

Action brought in the Circuit Court of Buchanan county to recover damages against the city of St. Joseph for injuries sustained by Mrs. Smith, one of the plaintiffs, in consequence of falling down an embankment in one of the streets of the city, and which is alleged to have been negligently left in an exposed

and dangerous condition. Defendant, in its answer, avers that at the time the accident occurred, the plaintiff was well aware of the dangerous condition of the street, and that there were other streets that she might have traveled in returning from church to her house with safety, and that the injury she received was the result of her own carelessness and negligence. To this answer no reply was filed. The cause was heard before a jury, who awarded the plaintiff damages, upon which judgment was rendered in the Circuit Court and affirmed in the District Court.

It is now insisted by the counsel for the appellant that the facts stated in the answer stand admitted, and that they are sufficient to preclude the plaintiff from recovering. In the statute it is provided that "if the answer contain a statement of new matter, and the plaintiff fail to reply or demur thereto within the time prescribed by the rule or order of the court, the defendant shall have such judgment as he is entitled to upon such statement; and if the case require it, a writ of inquiry of damages may issue." (2 Wagn. Stat. 1017, § 16.) Where the answer sets up new matter, and no replication is filed, the defendant should move the court for judgment upon the pleadings. That the Legislature intended such should be the practice, is plain; for a writ of inquiry of damages is provided for in the event that such a proceeding would be applicable or necessary. But no notice was taken of the failure to file the replication in the court below; the parties proceeded to trial upon the evidence; no objection was taken or point raised as to any insufficiency or defectiveness in the pleading, and I am not disposed to consider the question at this time. As the action is founded strictly on matters of fact, it is only necessary to see whether the law was properly declared to the jury.

In substance, at the request of the plaintiffs, the court instructed the jury that if defendant, in grading Fifth street, caused a dangerous embankment on a traveled street, leading into what is known as Faraon street; and if defendant permitted said embankment to remain for many months without any obstruction, by fence or otherwise, to prevent persons from being precipitated from said embankment; and without any light in the night time

near said embankment, to warn travelers of their danger, then said defendant was guilty of negligence; and that if plaintiff, knowing the condition of said Faraon street, passed along the same in the night time towards Fifth street, and used ordinary care to avoid said embankment; but if, owing to the darkness of the night, plaintiff missed the graded portion of Faraon street, and was thereby precipitated from said embankment into Fifth street, by reason of which the plaintiff sustained great injury, then the jury should find for plaintiff, and give damages for the full amount of injury sustained.

At the instance of the defendant, the court gave five several instructions, numbered four, five, eight, nine, and ten, respectively. The fourth instruction told the jury that unless they believed from the evidence that the plaintiff used reasonable care to avoid the injury, they should find for the defendant. The fifth declared that the burden of proof was on the plaintiff to show that she used ordinary care to avoid the injury, and that said injury was not the result, in whole or in part, of any carelessness or negligence on her part, and that it was not incumbent on defendant to prove that the injury was caused in whole or in part by the carelessness of the plaintiff. The eighth instruction was to the effect that unless the jury believed that the defendant was guilty of negligence in leaving the street on which the accident occurred in an unsafe condition, they should find for the defendant. The ninth instruction is as follows: " In determining the question of carelessness or negligence on the part of plaintiff, the jury will take into consideration all the facts and circumstances proved, including the condition of the street, the darkness and storminess of the night at the time plaintiff attempted to pass said street, and the knowledge of the plaintiff of the condition of the street; and if, from all the evidence, they believe that negligence or want of ordinary care and prudence on the part of plaintiff contributed to the happening of the accident which caused the injuries sued for, they will find for defendant." The tenth reiterates a principle previously announced — that if, from the evidence, the jury should believe that the plaintiff might have avoided the accident and injuries by the exercise of ordinary

prudence and care under the circumstances, they should find for defendant.

It will be seen that the instructions given by the court on both sides most completely cover the whole case. We are not prepared to say that we entirely approve all the instructions given on behalf of the defendant, for some of them are too favorable, and go further than the prior rulings of this court warrant; but if any error was committed, it was in favor of the defendant, and it can not complain.

The fact that a person injured through a defect in a highway or street had previous knowledge of the defect, is not conclusive evidence of negligence on his part. It is a fact to be submitted, with the other evidence, to the jury, as was done in this case; and in an action to recover damages for an injury occasioned like the one in the present case, it is only necessary for the plaintiff to show that he exercised ordinary care to avoid the accident.

In the case of Blake v. The City of St. Louis, 40 Mo. 569, we decided that municipal corporations are bound to keep the streets and highways in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel; and if they neglect to do this, they will be held liable for all injuries happening by reason of their negligence.

The negligence of the corporation in regard to its duty, and ordinary prudence and care on the part of the individual, form the necessary elements of what it takes to constitute a cause of action. In the present case the jury have found that both of these circumstances occurred.

Judgment affirmed. The other judges concur.