———o———

CATHERINE STRAUB, Appellant, *vs.* ALAIS SODERER, Respondent.

1. *Damages—Personal injuries—Negligence—Owner of land—Liability of.*— The owner or occupant of real property is bound, so. far as he may be able to do so by the exercise of ordinary care, to keep it in such condition that it will not, by any insufficiency for the purpose to which it is put, injure any passerby; and he is bound also to use care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation express or implied for the transaction of business. But he is not bound to make the land or buildings thereon safe for any purpose which is unlawful or improper, or for which he could not reasonably anticipate that they would be used, or for which they obviously were never designed. A mere passive acquiescence on the part of the owner or occupant in the use of real property by others, does not involve him in any liability to them for its unfitness for such use. No duty is imposed upon the owner or occupant, to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure, and who are not either expressly invited to enter, or induced to come upon them by the use for which the premises are appropriated and occupied, or by some preparatory adaptation of the place for use by customers or passengers, which might naturally and reasonably lead them to suppose that they might properly and safely enter.

*Appeal from St. Louis Circuit Court.*

*Voullaire & Sternberg,* for Appellant.

I. "When one either sells or rents to another, premises surrounded by the vendor's or landlord's land, a right of ingress and egress to and from such premises over the property of the vendor or landlords, is by law a part and parcel of the right acquired. This right extends to all who have reasonable cause to use the same."

If a landlord lets premises with an existing nuisance upon it, he is personally responsible to any one who receives any injury thereby. (Addison on Wrongs, 137–138.)

II. The defendant having provided this passage as a means of access to portions of his premises, thereby held out an inducement to persons to use the same, and he could not either himself do or permit another to do any act which would render the way dangerous. (Corby vs. Hill, 4 C. B. N. S., 556; 1 Ellis B. v. Ellis, 168; 10 Allen 374; Addison on Wrongs 141, *et seq.*)

III. Even if defendant was nominally a trespasser, the wife in this case would not be barred from a recovery. (Dailey vs. N. & W. R. R. Co., 26 Conn., 596; 35 New Hampshire, 271; Barnes vs. Ward 9 M. G. & S., 420; Bird vs. Holbrook, 4 Bing., 646.)

*A. M. Gardner and S. M. Breckenridge,* for Respondent.

I. Deceased was going through this private alley, by a rear entrance, not designed for such use, late at night, after business hours, to borrow a paper from Tegerthoff's corner grocery, or to visit Walters and thus fell down this cellar stairway.

If so, deceased having no connection of any kind with the building or the landlord, can have no greater right certainly than the tenant Tegerthoff or Walters whose customer or visitor he was, or sought to be. (Robbins vs. Jones, 15 C. B. N. S. 220, *et seq.*; Wilkinson vs. Famie, *et al.*, 1 Hurlst. & Colem. 631, 633, 634; Shearm. & Redf. Neg., §§ 498, 501, 2 & 3; Stone & Wife vs. Jackson, 16 C. B., 199; Janis vs. Dean, 11

Morre p. 354; Hardcastle, Adm. vs. South Y. R. R. Co., 4 Hurlst. & N., 65.)

Ewing, Judge, delivered the opinion of the court.

This is an action to recover damages for the death of the husband of plaintiff, based upon the third section of the Damage Act.

The material averments of the petition are, that the defendant at the time of the death of the plaintiff's husband was the owner of a certain tract of land situated in the City of St. Louis, bounded on the South by Morgan street, on the East by 24th street, on the West by 25th street, and on the North by a public alley; that defendant had on said premises a large number of houses that were occupied by different persons as his tenants; that many of said tenants had, as an ordinary and usual means of access to their respective portions of said premises, a certain passage-way which had been provided by the defendant as a common means of access for the use of his tenants, and all persons having lawful occasion to use the same; that said passage-way extended from Morgan street to said alley on the North, and was a thoroughfare; that it was the duty of the defendant to keep and maintain said passage-way and thoroughfare free, clear and unobstructed, and safe for the use of said tenants and all other persons having lawful occasion to use the same. That defendant neglected his duty in this respect, and caused a deep and dangerous pit or excavation to be dug, in consequence of which said passage was rendered insecure and dangerous to persons lawfully using the same, and neglected to fence or properly guard said pit; that during the night Straub, plaintiff's husband, while lawfully passing along said passage without fault on his part fell into said pit and was so injured that he died by reason of the injuries then and there received. The answer admits that the defendant was at the time stated in the petition the owner in fee of the premises therein described, but says that long prior to that time said premises had been leased to various parties, who had then and for a long time previous had had the ex-

clusive possession and control thereof. The other material allegations of the answer are denied. There was a replication to the answer.

After the plaintiff closed her testimony, an instruction was given in the nature of a demurrer to the evidence, wherupon plaintiff took a non-suit.

The motion to set aside being overruled and judgment rendered for defendant, the cause was taken by appeal to General Term where the judgment was affirmed, and the cause is here by appeal from that judgment.

The evidence shows that the defendant had on the premises a number of houses that were occupied by his tenants, the first floor being rented to one set of tenants and the upper floor to others. Those occupying apartments on the ground floor fronting on Morgan street, entered on that street; those occupying the second floor (with few exceptions) entering a central quadrangle or court from which a stairway ascended. This enclosed space, or court, was entered by a covered alley three feet wide from the South, and by one or two from the alley North of the buildings. On the corner of 24th & Morgan street was a grocery and dram shop; next west was a store, in the rear of which was a cellar entrance about three feet wide and six or eight feet long, the entire width of which was occupied by steps. At one time some sort of a railway was on one or two sides of this entrance, but when it was removed does not appear. This entrance led only to the cellar under the store, and was used only by the lessee of the store. There was no evidence of any contract on the part of the landlord to repair. The deceased was found dead, his neck apparently broken, in the cellar entrance, early in the morning—no one knowing the cause of his death. He was not a tenant or occupant of any of the buildings. He lived at a place near by— apart from his family. There was evidence tending to prove that the deceased, about the hour of nine or ten o'clock the night before his death, went to the Grocery store on the corner already mentioned, to get a newspaper, but finding it closed he said he would go and try the back way. There was evidence also

tending to prove that deceased, about ten o'clock the same night, said he was going to see one Walters who occupied the room over the Grocery store, the entrance to which was from 24th street by a way, not leading to or by the cellar where the body of the deceased was found.

Upon this state of facts did the defendant stand in any such relation to the deceased as to impose any duty or obligation upon him which he had failed to discharge? Has he done or omitted to do any act by which a legal duty or obligation has been violated? He is sought to be charged upon the ground, that having provided the means of ingress and egress to and from his premises, he thereby held out an inducement to persons to use the same; and he could not either do any act or permit another to do any act which would render the way dangerous. It may be conceded, that the owner or occupant of real property is bound, so far as he may be able to do so by the exercise of ordinary care, to keep it in such condition, that it will not by any insufficiency (for the purpose to which it is put) injure any lawful passer-by. (White vs. Phillips, 15 Com. B., (N. E.,) 245.) And that he is bound also to use care and diligence to keep the premises in a safe condition for the access of persons who came therein by his invitation, express or implied, for the transaction of business. But it is equally true, that the owner or occupant is not bound to make the land, or buildings thereon, safe for any purpose which is unlawful or improper or for which he could not reasonably anticipate that it would be used. He is not responsible for the consequences of the use of his property in a mode for which it was obviously never designed. (Shear. and Redf. Neg., 563.) A mere passive acquiescence on the part of the owner or occupant in the use of real property by others, does not involve him in any liability to them for its unfitness for such use. One who enters on premises by permission only, without any enticement, allurement or inducement held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pit falls. He goes there at his own risk, and enjoys the license subject to its concomitant

perils. No duty is imposed by law upon the owner or occupant to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure, and who are not either expressly invited to enter or induced to come upon them by the purpose for which the premises are appropriated and occupied, or by some preparation or adaptation of the place for use by customers or passengers, which might naturally and reasonably lead them to suppose that they might properly and safely enter. (Bigelow C. J., in Sweeny vs. Old Colony & N. P. R. R. Co., 10 Allen, 368, 372.)

The death of the deceased (if it was caused from falling into the cellar entrance at all) was evidently the result of the grossest recklessness or negligence on his part. Leaving his own house at a late hour of the night, for the purpose it seems of getting admittance to the Grocery store on the corner of the square, and finding it closed at the usual and only proper entrance for visitors or those having business, he endeavors to gain admittance through a dark passage leading to the rear of the building, and in attempting it falls into the entrance to the cellar, and is killed. Or if (as there was some evidence tending to prove) his purpose was to go to the apartments of one Walters, which were immediately above the Grocery, he sought them by a passage through which he could not possibly have reached them. For the entrance to Walters' room was not by the passage-way from Morgan street, but from 24th street, and by means of a stair-way, to which he could have access only from that direction. The entrances to this court, or enclosed space, were provided by the defendant for the occupants of the apartments on the second floors, (or such of them as were entered from that place,) and for guests or those having business at proper and suitable hours—not for trespassers or wrong-doers. The deceased had no right, under the circumstances, to be upon the premises in pursuit of his own pleasure or gratification. And it was for some such purpose as this, as the evidence tended to prove, that he was induced to go there at that time. He went upon the premises at his own risk. The defendant was under no obligation to protect per-

sons from the perils they might encounter from trespassing upon his property ; nor is he accountable to them for the consequences of their rashness or folly in doing so. To such he had no legal duty to perform, and he is chargeable with no negligence in omitting precautions for their security or safety.

The cases cited by the counsel for the appellant are those where the injury was received from nuisances near public thoroughfares and on private grounds, to the use of which by the public, the proprietor held out some inducement or allurement. They are inapplicable to the case at bar.

Judgment affirmed. The other Judges, except Judge Wagner who is absent, concur.