## HICKS v. PACIFIC RAILROAD, APPELLANT.

On motion for rehearing, the Court re-affirms the decision reported in 64 Mo. 430.

*E. A. Andrews*, for the motion.

HENRY, J.—Appellant's attorney files an argument on a motion for rehearing, which, although able and plausible, has failed to convince us that the case has been improperly decided.

The errors assigned are:

*First*—That under the issues made by the pleadings and testimony, the Court refused to instruct the jury that plaintiff's right to be where he was when injured, affected the question of defendant's liability under the facts and circumstances of the case; and *Second*—That the Court below erred in instructing the jury upon its own motion, and especially upon the question of plaintiff's contributory negligence.

In commenting on the case of *Gillis v. Penn. R. R.*, 59 *Penn. St.* 129, there was no purpose to reflect upon the distinguished judge who prepared the opinion in that case, of whose eminent ability, everywhere acknowledged, we have the highest appreciation. We find no fault with the case, but on the contrary think it was properly decided. The counsel for appellant complains that we quoted and italicised but one line of the opinion. We did this because it is that one line which, applied to the case at bar, asserts

a proposition which in our judgment is not the law. It may not have been a *dictum* in that case, in the connection in which it was used, but wrested from its context it is broad enough to give countenance to a doctrine, which the eminent judge who prepared that opinion we are satisfied would not hold in such a case as this. If we assent to the doctrine so strenuously and ingeniously contended for by the counsel, we must overrule every case decided by this Court, in which railroad companies have been held liable for injuries to persons or stock trespassing on their roads, which could have been avoided by the exercise of ordinary care and watchfulness by their employees running their trains. It is also insisted that the opinion of the Court is in conflict with the case of *Straub v. Soderer*, 53 *Mo*. 38. That case was not overlooked, and we repeat what was said in the opinion, that "the cases cited to show that where one permits another to go on or over his premises, the former is not liable to the latter for injuries received from falling into a pit which had been left open on the premises, and similar accidents, are not in point." We have no fault to find with the decision in that case, but it is decided upon a principle not applicable to the case at bar, and belongs to that class of cases noticed in the opinion and distinguished from this. In copying from Judge Sherwood's opinion, we inadvertently omitted the word *intentionally*; but it makes no difference, for if liable for wanton injury, the company would certainly be liable for intentional injury, and we cannot see why the attorney should call attention to the omission of that word, since it only makes the doctrine the more obnoxious if applied to the case at bar. The difference between this case and *Maher v. the A. & P. R. R. Co.*, 64 *Mo*. 267, between which the counsel thinks there is a conflict, is that in that case the train was running at night, not near a depot, or stopping place, and the employees had a right to suppose, and to act on the supposition, that the track was clear of obstructions, and to make such speed as their business required. In the case at bar the train was

approaching a passenger depot, and the conductor and other employees on the train had every reason to suppose that there were persons standing on that platform, for business or pleasure or both. Whether plaintiff was on the platform by sufferance, or was there as a trespasser, the counsel thinks a very important question, and that one of "the greatest errors committed by the Court" in the opinion was in saying that plaintiff was on the platform by sufferance, and that the orders given him to keep off of the platform were merely advisory. If we are right on the main question, it was a very harmless error, if error at all, for we hold that whether a trespasser there or not, makes no difference as to the liability of the road, and we place his right to recover on the same ground as we do the right of one to recover who is a trespasser on the track, and receives an injury from a train of cars passing, which might have been avoided if the employees of the company had exercised ordinary care and watchfulness.

The objection to the instructions of the Court, in regard to contributory negligence, is not tenable. The instructions clearly state the law on that subject. If the plaintiff makes out a case of negligence against the company, it then devolves upon the company to show that plaintiff's negligence contributed to the injury. He must show negligence in the company, but is not bound in the first instance to prove himself not guilty of negligence contributing to the injury sustained.

Motion overruled. All concur except HOUGH, J., not sitting.

OVERRULED.