JOHN EISENBERG, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 27, 1888.

1. **Evidence :** MUNICIPAL ORDINANCE. A municipal ordinance is not admissible in evidence as an element of the plaintiff's right of recovery, when it is not shown that the grievance complained of occurred within the city.

2. **Evidence :** MUNICIPAL ORDINANCE. A municipal ordinance establishing regulations concerning holes, excavations, etc., that are below the grade of the surrounding or adjacent streets is not admissible as evidence in a suit against a property-holder for damages caused by an excavation on his lot.

3. **Damages:** PRIVATE PROPERTY. A private lot-owner is not liable to a person whom he has invited or induced to pass over his property for business purposes for damages resulting from a dangerous condition of such property, unless it appear that such owner was aware of its dangerous or defective condition, or might have known thereof by the exercise of due care, and that the same was unknown to the person injured. Mere licensees in the use of a roadway assume all obvious and patent risks pertaining to such use.

Eisenberg v. Mo. Pac. Ry. Co.

*Appeal from the St. Louis City Circuit Court.*—HON.
SHEPARD BARCLAY, Judge.

REVERSED.

*Henry G. Herbel,* for the appellant.

The court erred in admitting incompetent and irrelevant evidence offered by the plaintiff. *Hipsley v. Railroad,* 88 Mo. 351 ; *Ely v. Railroad,* 77 Mo. 34. The court erred in refusing the instruction, in the nature of a demurrer to the evidence, asked by the defendant at the close of plaintiff's case. *Railroad v. Houston,* 95 U. S. 702 ; *Gadstein v. Railroad,* 46 Wis. 406 ; *Achtenhagen v. City,* 18 Wis. 331 ; *Wilson v. City,* 8 Allen, 138 ; *Durgin v. City,* 61 Barb. 427 ; *Railroad v. Adams,* 19 Am. & Eng. Ry. Cas. 380. The court erred in refusing to give proper and legal instructions asked by defendant. The court erred in giving illegal and improper instructions to the jury at the instance of plaintiff and of its own motion. *Cathcart v. Railroad,* 19 Mo. App. 114 ; *Matthews v. Railroad,* 26 Mo. App. 89 ; *Stoher v. Railroad,* 91 Mo. 509 ; *Evans v. Railroad,* 21 Mo. App. 656 ; *Smotherman v. Railroad,* 29 Mo. App. 268 ; *Milburn v. Railroad,* 86 Mo. 109 ; *Davis v. Railroad,* 89 Mo. 350 ; *Union Pac. Railroad v. Adams,* 19 Am. &. Eng. Ry. Cas. 378 ; *Buesching v. Gas Co.* 73 Mo. 221 ; *Nichols v. Winfrey,* 79 Mo. 551 ; *Evans v. Railroad,* 16 Mo. App. 525 ; *Railroad v. Houston,* 95 U. S. 703.

*A. R. Taylor,* for the respondent.

The plaintiff Eisenberg testified that he had driven along there and had rested his team without suffering mishap. In other words, the danger was unknown to the driver, *i. e.,* the danger of his horse stalling and being dragged into the abyss. So it is submitted under

the cases in Missouri, that the question as to whether the driver was using ordinary care was one for the jury. The property-owner who invites his patron to go over his grounds on business with him is bound to use ordinary care to have such grounds in a reasonably safe condition. *Welch v. McAllister*, 15 Mo. App. 492; *Carraway v. Long*, 7 Mo. App. 595. The traveler or invited person is not bound to leave the road because an excavation has negligently been left open, unless it would be inconsistent with ordinary care to so use the road. *Buesching v. Gas Co.* 73 Mo. 232. And the traveler may recover, notwithstanding his knowledge of the nuisance providing he was exercising ordinary care. *Smith v. City*, 45 Mo. 449; Thompson on Neg. sec. 1203.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff's petition states in substance that the defendant is a railroad corporation, and was, at the date of the grievance complained of, the owner of a certain lot in the city of St. Louis; that over and across said lot the defendant had for years maintained a road for the use of its patrons; that upon said lot near said railroad there was a deep hole or excavation which the defendant carelessly and negligently suffered to remain unguarded and unfenced; that the plaintiff's team using said roadway by defendant's invitation, owing to the unguarded condition of the roadway, fell into the excavation whereby one of the horses was killed, another crippled, and the plaintiff's wagon and harness destroyed. The petition further states that it was provided by an ordinance of the city of St. Louis then in force "that all holes, depressions, excavations or other dangerous places within the city of St. Louis, that are below the natural or artificial grades of the surrounding or adjacent streets, shall be properly inclosed with fences or walls, or be filled up, so as to prevent persons or animals

from falling into them," and that said hole or excavation was below the natural level of the adjacent or surrounding streets, and was dangerous, yet the defendant failed to enclose the same with a fence or wall or fill the same, which said violation of the ordinance directly contributed to cause the injury to plaintiff. The defendant's answer was a general denial and the plea of contributory negligence.

On the trial of the cause before a jury the following facts appeared by plaintiff's evidence : The defendant is a railroad corporation and its depot grounds are at considerable depth below the level of Eighteenth street or Tayon avenue. Several years before the accident a road was constructed, it does not distinctly appear by whom, leading from the depot grounds to Tayon avenue, which road prior to the accident was improved by the defendant, and was traveled by teams hauling freight from defendant's cars. This road ran almost parallel to Tayon avenue, and had a very steep incline, in some parts as much as eight inches to the foot. It was bordered on the east by the stone abutment of the Tayon-avenue bridge, and on the west by an old quarry-hole, more than forty feet deep, and unfenced. The hole was fenced on its eastern side where it adjoined Tayon avenue, leaving this roadway open. The ground at the point of junction of the two roads was owned by other parties than defendant.

On the day of the accident two teams belonging to the plaintiff were hauling crushed granite from the defendant's depot grounds and using this road for reaching Tayon avenue. Each team had two horses, and were loaded with a weight of about two tons, and neither wagon had a brake. When they started with their loads the following conversation occurred between the driver of the injured team, and the driver who preceded him, according to the testimony of the latter, who was an. uncontradicted witness for the plaintiff: "I

says, I am going up this way again, up this road.    He says, 'I am going up that way too, because I have been up this morning, I am going up that way too.'    The road was pretty rough.    I said, 'if the team can make it, all right; I don't think they can make it.'

Q.    "You told him you did not think the team could make it?    A. Yes, sir.    Just at that time, but he came on up.

Q.    "He decided to do it, did he?    A. Yes, sir, he had been up before, he hauled two loads before I did this morning.

Q.    "You thought he couldn't get up there this time did you?    A. I didn't know whether he would or not.

Q.    "He had been talking about it?    A. Yes, sir.

Q.    "Talking about his prospect of getting up there?    A. Yes, sir; I had an extra team.    I knew he could not follow me sure as shooting."

After the conversation, the two teams started, and the second team, when part way up the incline, stopped, commenced backing, and the horses and team were precipitated into the hole, and almost wholly destroyed, causing the loss sued for.    The plaintiff also gave in evidence the ordinance of the city of St. Louis, set out in the petition, which was objected to by the defendant as irrelevant, but admitted by the court and read to the jury, the defendant excepting.    At the close of the evidence the defendant moved for a non-suit, which the court refused, and this action of the court, and the admission of the ordinance in evidence, are the only substantial errors complained of.

The technical objection to the admission of the ordinance in evidence is, that it was not shown that the *locus in quo* was in the city of St. Louis; the substantial objection is, that the ordinance has reference only to excavations which endanger the safety of the traveling

public, using the city's highways, as appears by the context of the ordinance, and were it otherwise it would be *ultra vires*. Cooley's Const. Lim. [ 3 Ed ]. 485 ; Dillon Mun. Corp. [ 3 Ed ]. sec. 374. Either of these objections would be sufficient to make the ordinance inadmissible in evidence. It is not contended by plaintiff here that it was properly admitted, but that its admission in evidence even if erroneous was not prejudicial to the defendant, because its liability was submitted to the jury upon instructions disregarding the ordinance, and upon its duties as defined by the common law alone.

We may concede at the outset, that a property-owner who invites his patrons to go over his grounds on business with him is bound to use ordinary care to have such grounds in a reasonably safe condition for travel. The cases on that subject are collected and fully discussed in an elaborate opinion by Judge THOMPSON in *Welch v. McAllister*, 15 Mo. App. 492, and are almost exclusively cases of hidden defects or pitfalls. We may further concede that a traveler on the public highway of a city may recover against the corporation, or others suffering a nuisance, notwithstanding his knowledge of the nuisance causing him the injury, provided he was in the exercise of reasonable care, and that whether he used ordinary care is ordinarily a question for the jury. *Smith v. St. Louis*, 45 Mo. 449 ; *Mahoney v. Railroad*, 104 Mass. 75. Conceding all this, however, we cannot see how the plaintiff has made out a case.

The city is under a legal obligation to keep its highways, once established, reasonably safe for travel, as was decided in *Blake v. St. Louis*, 40 Mo. 569, and its liability for injuries caused by a patent defect was placed solely on that obligation in *Smith v. St. Louis*, *supra*. The liability of a private owner rests on a wholly different ground, he is liable in cases of hidden defects or pitfalls, and not even then as a general rule unless the danger was known to him, or might have

been known to him by exercising due care, and was unknown to the person injured. Mr. Justice Gray, in *Carleton v. Franconia Iron Co.*, 99 Mass. 217, states the rule thus : " The owner or occupier of land is liable in damages to those coming to it, using due care, at his invitation or inducement, express or implied, on any business to be transacted or permitted by him, for an injury occasioned by the unsafe condition of the land, or of the access to it, which is known to him and not to them, and which he has negligently suffered to exist, and has given them no notice of ; " and this is as correct a statement of the general rule as can be made of a rule of universal application.

In the case at bar the danger was neither a hidden nor a recent danger. The excavation existed before the road was built. The plaintiff knew the exact situation for years ; his drivers knew it. This very driver had traveled over the road repeatedly on the day of the accident. He discussed such dangers when they were in his full view, in broad daylight, with his fellow-servant, and knowing what risk he undertook, voluntarily assumed it, although he might have used another and safer road.

On the other hand, the defendant was under no legal obligation to repair the road. Those who traveled it were mere licensees and in making use of the license necessarily assumed all patent and obvious risks. It is evident, therefore, that the case, upon plaintiff's own testimony, was void of all elements of negligence on the part of defendant, on which a recovery could be predicated. Beyond this we are inclined to hold that the driver's negligence was admittedly such as to debar plaintiff from recovery, as was held in cases almost identical in facts, in *Goldstein v. Railroad*, 46 Wis. 406, and *Durkin v. City of Troy*, 61 Barb. 437.

All the judges concurring, the judgment is reversed.