JANE SMITH, Respondent, v. CITY OF BRUNSWICK, Appellant.

Kansas City Court of Appeals, April 1, 1895.

1. **Municipal Corporations:** STREETS: REASONABLY SAFE. A city is not an insurer, nor bound at all events to make and keep its streets in perfect condition. · It is only bound to the exercise of reasonable skill and diligence in keeping the streets and sidewalks in a reasonably safe condition for travel in the ordinary modes; and an instruction requiring them to be in a safe condition for travel, etc., is erroneous.

2. **Definitions:** REASONABLY. "Reasonably" means in a reasonable manner; in consistency with reason; in a moderate degree; not fully; tolerably.

*Appeal from the Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*C. Hammond & Son* for appellant.

(1) The authority for plaintiff's instruction, it is claimed, is found in the case of *Roe v. City of Kansas*,

100 Mo. 190, where the words, "safe condition," are incidentally used, and it does not appear what instructions were given on the part of the defendant. This point was brought to the attention of the supreme court in the case of *Burdoin v. Town of Trenton*, 116 Mo. 358. The court held that though the instruction complained of was objectionable, if standing alone, yet in view of all the instructions given the error was not prejudicial. (2) The refusal of the court to give instruction number 1, as asked for by defendant, in which the true measure of defendant's duty was laid down, and the giving of an instruction numbered 1, in which every qualification of defendant's duty was taken out, can not be sustained by reason or authority. *Kling v. City of Kansas*, 27 Mo. App. 231; *Bassett v. St. Joseph*, 53 Mo. 290; *Kiley v. Kansas City*, 87 Mo. 103; 4 Wait's Actions and Defenses, p. 636; 2 Dillon's Municipal Corporations [3 Ed.], sec. 1019; *Brennan v. St. Louis*, 92 Mo. 482.

*L. Benecke, F. C. Sasse, A. W. Mullins* for respondent.

(1) The plaintiff's first instruction is the law, and fully and clearly stated to the jnry the issues on trial. If the place where the accident to the plaintiff occurred was "unsafe and dangerous," it could not have been "reasonably safe," and the criticism urged by appellant's counsel is without point. 2 Dillon on Municipal Corporations [2 Ed.], secs. 786, 787, 788; *Roe v. City of Kansas*, 100 Mo. 190; *Mitchell v. City of Plattsburg*, 33 Mo. App. 555; *Halpin v. The City of Kansas*, 76 Mo. 335. (2) The plaintiff's first, second and fourth instructions, and defendant's first instruction should be read together, and when so considered it is clear, we think, that the case was very favorably presented to

the jury for the defendant. "Instructions must be viewed in their entirety." *Wetzell et al. v. Wagoner*, 41 Mo. App. 509; *Reilly v. Railroad*, 94 Mo. 600; *Harrington v. Sedalia*, 98 Mo. 583; *Burdoin v. The Town of Trenton*, 116 Mo. 358.

GILL, J.—The plaintiff sued the defendant and recovered a judgment for $1,000 for personal injuries alleged to have been caused by stepping into a hole in a defective sidewalk or street crossing. The defendant has appealed; the sole complaint relates to the character of the court's instructions.

Without quoting at length the instructions given, it is sufficient to say that the court, in substance, told the jury that it was the duty of the defendant city to keep its streets and sidewalks in a "*safe condition* for travel by night as well as by day," etc., and if it failed so to do and plaintiff was, without her fault, thereby injured, etc., then she ought to recover.

Defendant's counsel requested an instruction to the effect that the duty imposed on the city was only to keep said streets and sidewalks in a *reasonably* safe condition, etc. The court modified said instruction by striking out the word *reasonably* and told the jury, as above stated, that it was the duty of the defendant to keep and maintain its streets and sidewalks in a *safe condition*.

The trial court committed error. It was not the duty of the defendant city to keep its streets and sidewalks in an *absolutely safe condition*. It was only bound to the exercise of reasonable skill and diligence in making the streets and sidewalks safe for travel in the ordinary way. "It is sufficient," says Judge DILLON, "if the streets (which include sidewalks and bridges thereon) are in a *reasonably safe condition* for travel in the ordinary modes." 2 Dillon on Municipal Corpora-

tions [4 Ed.], secs. 1019, 1015. The city is not an insurer, nor bound at all events to make and keep its streets in perfect condition. The authorities all agree that the municipality is exempt from liability if its thoroughfares are kept in a *reasonably* safe condition. *Reasonably*, according to Webster, is defined: "In a reasonable manner; in consistency with reason; in a moderate degree; not fully; moderately; tolerably."

Clearly, the defendant was entitled to the instruction as asked. Nor was the error cured by any other declaration from the court. The court's instructions were entirely harmonious and seemed to rest on the erroneous assumption that the defendant city was bound, not reasonably, or in a moderate degree, but *absolutely*, to keep its streets and sidewalks in a perfect state of repair.

The judgment must be reversed and cause remanded. All concur.