MARGARET WALLIS, Respondent, v. CITY OF WEST-PORT, Appellant.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Municipal Corporations**: SAFETY OF SIDEWALKS: INSTRUCTION. A city is not required to make its sidewalks absolutely safe but only reasonably so, and instructions to the jury should make this distinction.

2. **Married Women**: DAMAGES: ORDINARY AVOCATION: HOUSEHOLD DUTIES. For personal injury to a married woman two causes of action arises: one to her for pain and suffering, etc., the other to the husband for loss of service, etc.; and the husband only can recover for injury disabling the wife from attending to the ordinary avocations of life which, in the absence of other evidence, will be presumed to be household duties.

3. ———: ———: INSTRUCTIONS. An instruction permitting a married woman to recover for a permanent disability to perform the ordinary avocations of life is reversible error, especially where the verdict is somewhat excessive.

4. **Trial Practice:** INCONSISTENT INSTRUCTIONS. Instructions should be consistent.

Appeal from the Jackson Circuit Court.—*Hon. Edward L. Scarritt*, Judge. .

REVERSED AND REMANDED.

*Herbert S. Hadley* and *R. B. Middlebrook* for appellant.

(1) While the question of damages in a personal injury case is peculiarly one for a jury to decide, yet the jury can not give any amount they please. The verdict in this case was excessive in the opinion of the trial court to the amount of $350, and is still excessive. Weinberg v. Railway, 139 Mo. 286; Franklin v. Fisher, 51 Mo. App. 345; Chitty v. Railroad, 49 S. W. Rep. 868; Haynes v. Trenton, 108 Mo. 123; Fairgrieve v. Moberly, 39 Mo. App. 31. (2) Instruction number 4, on behalf of the plaintiff, is error, in that it incorrectly states the duty of the defendant in reference to its sidewalks, and incorrectly states the right of the plaintiff to presume that the walk was safe, when there was nothing to show that she acted on that presumption. Nixon v. Railway, 141 Mo. 425; Kling v. Kansas City, 27 Mo. App. 231; Bassett v. St. Joe, 53 Mo. 290; Smith v. Brunswick, 61 Mo. App. 578. (3) The plaintiff, being a married woman, was not entitled to recover damages from her inability to perform her ordinary avocation of life, and there was no evidence to show that she had any avocation of life beyond that of keeping house for her husband, for the inability to perform which, her husband, and not she, was entitled to recover. Thompson v. Railway, 135 Mo. 217; Smith v. St. Joe, 55 Mo. 456; Ross v. Kansas City, 48 Mo.

App. 440; McLean v. Kansas City, 2 Mo. App. Rep. 681; Madison v. Railroad, 60 Mo. App. 599; Bride Co. v. Schaubacher, 57 Mo. 582; Smith v. Railroad, 108 Mo. 243; Culberson v. Railroad, 50 Mo. App. 556; Duke v. Railway, 99 Mo. 347; Norton v. Railroad, 40 Mo. App. 647; Mammerberg v. Railway, 62 Mo. App. 563; Slaughter v. Railroad, 116 Mo. 269; Morris v. Railway, 144 Mo. 500.

*C. W. Chase* and *E. W. Shannon* for respondent.

(1)    Under the circumstances the amount of the verdict is not excessive; certainly it can not shock the conscience of the court, and the injury being permanent, $1,400 is a small sum for such an injury.    There is nothing in the record which shows passion, prejudice or improper motives on the part of the jury.    Hollenback v. Railroad, 141 Mo. 112; Blackwell v. Hill, 76 Mo. App. 54; Hanlon v. Railroad, 104 Mo. 392; Franklin v. Fischer, 51 Mo. App. 345.    (2)    Instruction number 4, on behalf of plaintiff is in accordance with the instructions sustained by the supreme court in Burdoin v. Trenton, 116 Mo. 358, and in Roe v. City of Kansas, 100 Mo. 190; instructions numbers 1, 2 and 7 given for plaintiff and instructions numbers 1 and 2 given for defendant are without ambiguity and set forth fully the conditions under which the defendant could be held liable as well as the duties of defendant and plaintiff.    If there was any error in instruction number 4 given for plaintiff, it is cured by the other instructions.    A part of one instruction, or even one instruction, will not be picked out for possible error but all the instructions must be taken together.    Burdoin v. Trenton, 116 Mo. 358; Roe v. Kansas, 100 Mo. 190; Caton v. Sedalia, 62 Mo. App. 227; Harrington v. Sedalia, 98 Mo. 583; Liese v. Meyer, 143 Mo. 547; Blackwell v. Hill, 76 Mo. App. 51, 52; Imp. Co. v. Ritchie, 143 Mo. 587; Barton v. Railroad, 52 Mo. 253; Mauerman v. Siemerts, 71 Mo. 101.    (3)    That part of

plaintiff's instruction number 4, "The plaintiff had the right to presume that this duty had been performed and that the sidewalk was in safe condition for the use of the public, and was safe for any person passing on the same using ordinary care," is clearly a proper instruction, especially when read with the other instructions given for both parties. Burdoin v. Trenton, 116 Mo. 358; Roe v. City of Kansas, 100 Mo. 190; Caton v. Sedalia, 62 Mo. App. 227; Craig v. Sedalia, 63 Mo. 417; Kellny v. Railroad, 101 Mo. 77; McCormick v. Monroe, 64 Mo. App. 197; Moberly v. Railroad, 17 Mo. App. 542. (4) The clause objected to in plaintiff's instruction number 5, "her inability by reason of said injury to perform her ordinary avocations of life," goes to the extent of plaintiff's injury and is therefore proper. The same instruction was passed on in Burdoin v. Trenton, 116 Mo. 358, and was not there criticised. Evidence of such inability would be competent as showing the extent of the injury. Burdoin v. Trenton, 116 Mo. 358; Bigelow v. Railway, 48 Mo. App. 367, 377; Golden v. Clinton, 54 Mo. App. 118; Haniford v. Kansas, 103 Mo. 182, 183; Watson v. Race, 46 Mo. App. 546; St. Louis v. Brooks, 107 Mo. 380; Crabtree v. Vanhoozier, 53 Mo. App. 405; Harper v. Morse, 114 Mo. 317; Garst v. Good, 50 Mo. App. 149; Herman v. Owen, 42 Mo. App. 387.

SMITH, P. J.—This is an action which was brought by the plaintiff, a married woman, against defendant, a city of the third class, to recover damages for personal injuries received by the former in consequence of the negligent defect in a sidewalk in one of the streets of the latter. There was a trial in the circuit court resulting in a verdict for $1,750. The defendant filed a motion for a new trial, in which one of the grounds assigned therefor was that the verdict was excessive in amount. Pending this motion, plaintiff remitted $350 of the amount of the verdict; and thereupon the motion was

overruled, and judgment given for $1,400—and from which defendant has appealed.

The evidence shows that the plaintiff, while walking on a sidewalk in one of defendant's streets was, by reason of a defect therein, thrown down with such violence that the thumb on her right hand was much injured, and in consequence of which she suffered considerable pain, etc. There was a stiffening, to some extent, of the thumb joint, which Dr. Ragan testified would probably be permanent. The plaintiff's ability to perform her household duties was lessened by the injury.

The defendant's principal ground of complaint here arises out of the action of the circuit court in the giving of instructions for the plaintiff, the fourth of which declared it to be the duty of the defendant "to keep its sidewalk in repair," and that "the plaintiff had a right to presume this duty had been performed and that the sidewalk was in safe condition for the use of the public, and was safe for any person passing on the same using ordinary care." This was an incorrect expression of the law. It was not the duty of the defendant to keep its sidewalks in an absolutely safe condition. It was only required to keep them in a reasonably safe condition. The instruction omits this qualification and in that it was wrong. Smith v. Brunswick, 61 Mo. App. 578; Kling v. City of Kansas, 27 Mo. App. 231; Bassett v. St. Joseph, 53 Mo. 290; Nixon v. Railway, 141 Mo. loc. cit. 436; Blake v. St. Louis, 40 Mo. 569; Smith v. St. Joseph, 45 Mo. 449.

The plaintiff's fifth instruction, to which the defendant objects, was erroneous in directing the jury that, in estimating the damages, if it found for plaintiff, to take into consideration not only the physical injury inflicted, bodily pain and mental anguish, inability by reason of the injury to perform her ordinary avocations of life, but that it might allow her for such damages as it appeared from the evidence would reasonably result to her from said injuries.

It is alleged in the petition that, in consequence of the injury so received her thumb has been permanently and to-. tally disabled, and her hand permanently injured, and rendered useless, whereby she was made sick and lame and unable to attend to the ordinary avocations of life, etc., by reason of which she was damaged, etc. The instruction was doubtless framed with reference to these allegations of the petition, and the question is now presented, whether or not "inability, by reason of the injury, to perform the ordinary avocations of life" is an element of damage which can be recovered by a married woman in an action of this kind. The law may now be regarded as well settled in this jurisdiction, to the effect that, in cases where a married woman receives personal injuries in consequence of the negligence of another, that two causes of action arise: one to her for the pain and suffering to which she is thereby subjected, and the other to the husband for the loss to him of her service, society and expense incurred by him in the treatment, etc., of her injuries. In this case the jury, by the instruction just referred to, were told that they might allow her damages for an element for which the husband alone could, as has been stated, recover. The evidence tended to prove that, in consequence of her injuries, she was disabled to perform her household duties.

It must be presumed, in the absence of any disclosure made by the evidence to the contrary, that her household duties constituted her ordinary avocation of life. The inability of the plaintiff to perform her household duties was a loss to the husband and not to her.

It may be inferred from the very large amount of damages found by the jury that it concluded that, as her disability might extend throughout the remainder of her life that it was its duty, under the instruction, to take that into consideration in estimating the *quantum* of damages to which plaintiff was entitled. The instruction, we think, was well

calculated to mislead the jury. It was incorrect and should not have been given. Ross v. Kansas City, 48 Mo. App. 440; McLean v. Kansas City, 81 Mo. App. 72; Smith v. St. Joseph, 55 Mo. 456; Thompson v. Railway, 135 Mo. 217.

It is true, the court by its instruction number one, which was a modification of the plaintiff's number one, correctly told the jury that, "it was sufficient if the defendant's sidewalk was in a reasonable safe condition for travel in the ordinary modes," but this was inconsistent with the fourth and seventh given for plaintiff, which told it that it was the duty of the defendant to keep its sidewalk in good repair, so as to be in a safe condition for travel. The instruction given by the court did not cure the error referred to, which was contained in the plaintiff's two instructions.

It follows that the judgment must be reversed and cause remanded. All concur.