## H. D. JEROWITZ, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, January 4, 1904.

1. **MUNICIPAL CORPORATIONS: Condition of Streets: Instruc-
tions.** A city is required to keep its streets in a proper state
of repair and free from obstructions so that they are reason-
ably safe for travel; and an instruction requiring that the
streets be kept in a "proper state of repair," and "free from
obstruction," *and* "reasonably safe for travel," is improper.
Russell v. Columbia, 74 Mo. 480, distinguished.

2. ———: ———: ———: **Harmless Error.** Though an instruc-
tion like the above is faulty, yet it is not reversible error where
other instructions clearly lay down the rule.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Special Judge.

AFFIRMED.

*J. W. Garner, R. J. Ingraham* and *L. E. Durham* for appellant.

(1) The third instruction given by the plaintiff is, erroneous in this: that it declares it was the duty of the defendant, Kansas City, to keep its streets in a proper state of repair, free from obstructions. Such is not the law. The defendant, Kansas City, is required by the law to keep its streets free from such obstructions only as render the street not reasonably safe for travel, and is only required to keep its street in such a state of repair as will render the streets reasonably safe for travel thereon. Vogelgesang v. St. Louis, 139 Mo. 135; Cossman v. St. Louis, 153 Mo. 299; Welsh v. St. Louis, 73 Mo. 74; Wallace v. Westport, 82 Mo. App. 522.

*I. J. Ringolsky* for respondent.

(1) The only error presented and saved and for consideration by this court alleged by the appellant is an error committed by the court in giving the third instruction asked for by the plaintiff. This instruction has been approved in the exact form in which it was given, by the Supreme Court of this State in a case, where the facts were almost identical with the facts in the case at bar. Russell v. Columbia, 74 Mo. 480. This case has been cited with approval in not less than forty cases, which can be found in The Citator, Missouri Decisions, page 122. And most recently in the case of Stern v. St. Louis, 161 Mo. 146.

ELLISON, J.—This action is for damages which plaintiff suffered by reason of an injury to his horse which he was driving along one of the streets of the

defendant city. Plaintiff charges the injury to have been occasioned by defendant permitting an excavation in such street to remain improperly filled so as to leave a sudden depression into which the horse stepped. The judgment in the trial court was for the plaintiff.

The only point made for reversal which was mentioned in the motion for new trial relates to the third instruction for plaintiff wherein it was declared "that it was the duty of Kansas City to keep its streets in a proper state of repair, free from obstructions and reasonably safe for travel."

The objection to this instruction is that it imposes a greater burden of duty upon the city than can be legally required. It will be noticed that it requires that the street shall be kept in "proper state of repair" as well as "free from obstructions" and also "reasonably safe for travel." That is to say, the city is required to do those three things as independent and separate duties, neither having reference to the other. According to that instruction the city is not only to keep the street in "proper" repair, but it must keep it free from all obstructions, and it must also keep it reasonably safe for travel. The instruction should have been so written that the "proper state of repair" and the freedom "from obstructions" would have referred to and been qualified by the "reasonably safe for travel." It then would have read that it was the duty of the city to keep its streets in a proper state of repair, free from obstructions, so that they would be reasonably safe for travel. That is all the law requires. Blake v. St. Louis, 40 Mo. 569; Smith v. St. Joseph, 45 Mo. 449; Welsh v. St. Louis, 73 Mo. 71; Vogelgesang v. St. Louis, 139 Mo. 127; Crossman v. St. Louis, 153 Mo. 299.

It is true that the judgment was affirmed in the case of Russell v. Columbia, 74 Mo. 480, in which an instruction was given stating that it was the duty of the city to keep its streets "in a proper state of repair, free from obstructions and safe for travel." But the point

here was not made on that instruction, and it is clear that it does not state the law as it was announced by the Supreme Court both before and since. It will be noticed that it requires that the street must be kept "safe," and not reasonably safe, the latter being the universally recognized duty. In stating the duty of the city in that case the court cites cases which had been theretofore decided, viz.: Blake v. St. Louis and Welsh v. St. Louis, supra, where the duty is correctly stated to be to keep its streets "in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel." And such is the duty as defined in the latest cases from the Supreme Court, cited above. And so it has been held reversible error for an instruction to omit the word "reasonably" as a qualification to the streets being safe. Smith v. Brunswick, 61 Mo. App. 578; Wallis v. Westport, 82 Mo. App. 522.

Yet it has been held in Burdoin v. Trenton, 116 Mo. 358, that giving an instruction with fault similar to this one was not reversible error in cases where other instructions clearly laid down the rule that the city was only required to keep its streets in a state of repair reasonably safe for travel. In this case that was done, not only in other instructions, but in other parts of the one we are discussing. On authority of that case we must therefore affirm the judgment. All concur.