LUCINDA PERRIGO v. CITY OF ST. LOUIS and JULIA BLANKE, Appellant.

Division One, December 22, 1904.

1. **OBSTRUCTION IN SIDEWALK: Question For Jury.** Whether or not a cellar door, set on a stone base in a granitoid sidewalk, and extending nearly six feet from the building outwardly, and being four inches above the sidewalk at the building and two and a half inches at the other end, is a dangerous obstruction to travelers on the sidewalk, is a question of fact to be determined by the jury.

2. ———: **Contributory Negligence: Knowledge.** The fact that prior to the accident plaintiff had two or three times walked on the sidewalk where the obstruction was, and on one occasion had remarked that it was dangerous, may properly be considered by the jury in determining the question of her contributory negligence, but is not a sufficient ground to authorize the court to declare as a matter of law that she was guilty of contributory negligence.

3. ———: **Liability of Property-Owner.** The owner of property abutting on a sidewalk is liable for injuries to a pedestrian thereon caused by the construction and maintenance of an unsafe cellar-way in the sidewalk. His liability in such case arises from the fact that he is allowed an extraordinary use of the public walk for his private convenience; and by constructing and maintaining it in such a way as to render the walk unsafe to pedestrians in the exercise of reasonable care, he failed to discharge the duty imposed on him by law.

4. ———: ———: **Liability of City: Both Joined as Defendants.** It is consistent pleading to charge in the same petition the abutting property-owner with negligence in constructing and maintaining an unsafe cellar-way in the sidewalk, and the city with negligence in permitting said cellar-way to be maintained.

5. ———: **Ordinance: Pleading: Motion to Elect.** A violation of the ordinance requiring a cellar-way in a sidewalk to be constructed even with the sidewalk is not the basis of a cause of action of a pedestrian who sues the city and the abutting property-owner for injuries received by being thrown down while walking along the sidewalk, but simply evidence tending to show that the cellar-way was not constructed as required; and, hence, it is not error to overrule a motion to compel a plaintiff, who has charged in her petition that the cellar-way which caused her injuries was not constructed according to the ordinance, to elect on which cause of action she would go to trial—the one charging liability for a violation of the ordinance, or the one charging negligence independent of the ordinance. It was perhaps not necessary to allege that the walk was not constructed as the ordinance required, but that negation did not change or impair the cause of action contained in the charge of negligence.

6. **MARRIED WOMAN: Personal Injuries: Inability to Work.** If the injured plaintiff was a married woman who kept a boarding house, in operating which she did her own work, and whose husband, a cripple, performed only such services as were incident to her business, it is proper to tell the jury that if they find that her "ability to work or labor has been diminished as the result of her injuries" they may consider such fact in assessing her damages.

7. ———: ———: ———: **General Rule.** To impair the power of any person, whether of body or mind, is an injury to personal right, wholly apart from any pecuniary benefit that might be derived from the exercise of the power. And the Married Woman's Act vests in a married woman a right of action for "any violation of her personal rights," and so does the common law. Her right is not to recover for the loss of services, but for the impairment of her body or mind or any faculty.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Charles W. Bates* and *Benjamin H. Charles* for appellant city of St. Louis.

(1) A merely slight difference in levels along a sidewalk does not constitute an obstruction within the meaning of the law. Burns v. Bradford, 137 Pa. St.

361; Hamilton v. Buffalo, 10 Mun. Corp. Cases (N. Y.) 786; s. c., 65 N. E. 944; Haggerty v. Lewiston, 8 Mun. Corp. Cases (Maine) 903; s. c., 50 Atl. 55; Dubois v. Kingston, 102 N. Y. 219. (2) The city is not an insurer of the safety of travelers on the streets. It is not liable unless the street was in a condition unsafe to be used by persons exercising ordinary care in travelling thereon. Buckley v. Kansas City, 156 Mo. 16; Carvin v. St. Louis, 151 Mo. 334; Baustian v. Young, 152 Mo. 317. (3) Although the city may have been negligent, still if the negligence did not contribute to the injury, no recovery can be had on account of such negligence. Hutchinson v. Railroad, 161 Mo. 246. (4) Where the plaintiff's own testimony shows she is guilty of contributory negligence she can not recover. Failure to look where she was going when she knew the street was obstructed by the cellar door, and was unsafe, if it was unsafe, is negligence as matter of law on the part of plaintiff, and the court should have so declared. Cohn v. Kansas City, 108 Mo. 387; Hudson v. Railroad, 101 Mo. 30; Roberts v. Tel. Co., 166 Mo. 370; Sindlinger v. Kansas City, 126 Mo. 315; Hogan v. Railroad, 150 Mo. 55; 7 Am. and Eng. Ency. of Law (2 Ed.), 412; 4 Am. and Eng. Ency. of Law (1 Ed.), 15. The following cases from other States illustrate the ruling above stated: Benton v. Philadelphia, 198 Pa. St. 396; Erie v. Magill, 101 Pa. St. 616; Schaefler v. Sandusky, 33 Ohio St. 246; Quincy v. Barker, 81 Ill. 300; Hutchins v. Priestly, etc., Co., 61 Mich. 252; Cowie v. Seattle (Wash.), 4 Mun. Corp. Cas. 417; Cloney v. Kalamazoo (Mich.), 4 Mun. Corp. Cas. 640; Salem v. Walker (Ind. App.), 1 Am. Neg. Rep. 430; Bailey v. Brown Township (Pa.), 6 Am. Neg. Rep. 193; Grabbel v. Sioux City, 38 Iowa 390; Dale v. Webster County, 76 Iowa 370; Huffan v. State Center, 57 Iowa 538; Iahn v. Ottawa, 60 Iowa 429; Tel. Co. v. Iones (Neb.), 81 N. W. 435; Tasker v. Farmingdale, 91 Mo. 521; Gilmer v. Deerfield, 15 Gray 577; Corbett v. Leavenworth, 27 Kan.

673; Moone v. Richmond, 85 Va. 538; Walker v. Reidsville, 96 N. C. 385. (5) Assuming that the city was negligent, still if that negligence would not have caused the accident had the plaintiff been guilty of no negligence, the city can not be held liable; and the court erred in refusing so to instruct. (6) If a defective condition, or obstruction, be such that it is discovered by only one out of the many persons who pass by or over it, in the ordinary pursuit of business or pleasure, it can not be said to be notorious, or to be such a defect that the municipality is chargeable with notice of its existence. Carvin v. St. Louis, 151 Mo. 346; Burns v. Bradford, 137 Pa. St. 361. (7) Plaintiff was not entitled to recover damages on account of diminished ability to work or labor. Smith v. St. Joseph, 55 Mo. 456; Plummer v. Milan, 70 Mo. App. 601; Wallis v. Westport, 82 Mo. App. 527; Thompson v. Railroad, 135 Mo. 217; Blair v. Railroad, 89 Mo. 334; Fink v. Campbell, 70 Fed. 664; Lavelle v. Stifel, 37. Mo. App. 525.

*Hickman P. Rodgers* for appellant Blanke.

(1) The owner of a lot abutting a street owes no duty to the public to keep the sidewalk thereof in repair; nor to remove a dangerous obstruction therefrom. Norton v. St. Louis, 97 Mo. 537; St. Louis v. Ins. Co., 107 Mo. 92; Baustian v. Young, 152 Mo. 317. (2) "A city can not by ordinance create a right of action between third persons, nor enlarge the common law liability of citizens among themselves. This can only be done by a contract between the city and the company sought to be charged, which inures to the benefit of the citizen." Holwerson v. Railroad, 157 Mo. 216.

*Daniel Dillon* for respondent.

(1) It was the duty of the city to keep the sidewalk in a reasonably safe condition for people walking

over it, by day and by night. Warren v. Independence, 153 Mo. 598; Welsh v. St. Louis, 73 Mo. 73; Russell v. Columbia, 74 Mo. 490; Norton v. St. Louis, 97 Mo. 541; Brennan v. St. Louis, 92 Mo. 486; Roe v. Kansas City, 100 Mo. 190; Franke v. St. Louis, 110 Mo. 521; Flynn v. Neosho, 114 Mo. 572; Vogelsang v. St. Louis, 139 Mo. 135; Burns v. St. Joseph, 91 Mo. App. 495. (2) There is no evidence tending to prove negligence on the part of plaintiff. Perrette v. Kansas City, 162 Mo. 250; Miller v. Railroad, 164 Mo. 199; Powers v. Ins. Co., 91 Mo. App. 64. But even if there was evidence tending to prove contributory negligence on the part of plaintiff, the question of whether or not she was negligent was fairly submitted to the jury and found in her favor. In the instruction given by the court the jury were plainly told that before they could find a verdict in favor of plaintiff they must find that she was guilty of no negligence which directly contributed to her fall. And in the instruction given for plaintiff the jury were told that in order to find for plaintiff they must believe from the evidence that plaintiff was using ordinary care for her own protection at the time her foot struck the stone flagging or cellar door. Flynn v. Neosho, 114 Mo. 572; Culverson v. Maryville, 67 Mo. App. 347; Waltmeyer v. Kansas City, 71 Mo. App. 358; Bradley v. Spicardsville, 90 Mo. App. 421; Huff v. Marshall, 97 Mo. App. 546; Powers v. Ins. Co., 91 Mo. App. 64. (3) Under the evidence the judgment in favor of plaintiff against the city of St. Louis is clearly for the right party, and even if, for any reason, the judgment against defendant Blanke should be reversed, still the judgment against the city of St. Louis should be affirmed. Where reversible error has been committed against one defendant and not against the other, this court will not reverse the entire judgment, but will reverse it as to the defendant against whom error has been committed, and affirm it as to the other. Kleiber v. Railroad, 107 Mo. 240; State ex rel. v. Tate,

109 Mo. 269; Neenan v. St. Joseph, 126 Mo. 89; Wiggins v. St. Louis, 135 Mo. 558; O'Rourke v. Railroad, 142 Mo. 342; Bank v. Umrath, 55 Mo. App. 48; McElroyd v. Ford, 81 Mo. App. 505. (4) But the judgment should be affirmed against defendant Blanke also. Counsel for Mrs. Blanke claim that she is not liable at all under the rule that it is not the duty of the property-owner to keep the sidewalk in front of his property in a reasonably safe condition, and that the city can not impose this duty on her by ordinance in such a way as to give a third person a cause of action against her for failure to comply with the terms of the ordinance. I do not deny that this is the general rule under the decisions of this court. But there is another rule quite as firmly established as the one relied on by Mrs. Blanke, and that is stated in Reedy v. Brewing Assn. and City of St. Louis, 161 Mo. 534. Benjamin v. Railroad, 133 Mo. 284; Jelly v. Pieper, 44 Mo. App. 380. The ordinance in question belongs to the same class as those regulating the rate of speed of street cars, and requiring signal lights after dark, and the ringing of bells, etc., and those regulating the rate of speed of trains of steam railroads running through cities, and prescribing how they shall be manned, and requiring watchmen or gates at street crossings, etc. The legality of these ordinances and their competence as evidence have been maintained in so many cases and for so many years that the law in regard to those points, I think, is looked upon as settled. Hanlon v. Railroad, 104 Mo. 387; Fath v. Railroad, 105 Mo. 537; Jackson v. Railroad, 157 Mo. 621; Hutchinson v. Railroad, 161 Mo. 253; Weller v. Railroad, 164 Mo. 205; Moore v. Railroad, 95 Mo. App. 739. And a violation of this ordinance was negligence *per se,* and rendered Mrs. Blanke liable for all damages resulting from such violation. This proposition, too, has been settled by so many decisions of this court that it is no longer open for discussion. Keim v. Railroad, 90 Mo. 321; Schlereth

v. Railroad, 96 Mo. 515; Jackson v. Railroad, 157 Mo. 642; Hutchinson v. Railroad, 161 Mo. 253. (5) Even a married woman, when she has been injured so severely as to have her ability to work and labor diminished, ought to receive greater damages than when she is not injured severely enough to cause a diminution of her ability to work or labor. Ross v. Kansas City, 48 Mo. App. 445; McLean v. Kansas City, 81 Mo. App. 72; Cullar v. Railroad, 84 Mo. App. 340; Smith v. Warden, 86 Mo. 382; Blair v. Railroad, 89 Mo. 383; Railroad v. Johnson, 90 Ga. 508; Jordan v. Railroad, 138 Mass. 425. In the case at bar there was no evidence offered as to the value of plaintiff's time or services.

BRACE, P. J.—This is an appeal from a judgment of the St. Louis City Circuit Court in favor of the plaintiff against the defendants for the sum of $3,000.

The petition, omitting caption, is as follows:

"Plaintiff states that the defendant, the city of St. Louis, is and at the times hereinafter stated, was a municipal corporation in the State of Missouri, and that defendant, Julia Blanke, is and at the times hereinafter mentioned was the owner and proprietor of a house and lot fronting and abutting the south side of Manchester avenue, in said city, between Leffingwell avenue and Ewing avenue, said house being numbered 2822 Manchester avenue, and said house and lot abutted the sidewalk on the south side of said avenue. And plaintiff further says that said avenue, at the times herein stated, was and for many years previous thereto had been a public street and highway, graded and paved and much traveled by the public at all hours of day and night. And the sidewalks of said avenue were improved and paved and much travelled at all hours of the night and day by people on foot who travelled or passed along said avenue.

"And plaintiff further says that on January 1,

1902, and for a long time prior thereto, there was in force in the said city of St. Louis an ordinance numbered 17188, approved April 7, 1893, section 628 of which provided that any opening in a paved sidewalk leading into an area or vault beneath, or into a cellar, shall be fitted with a wood or iron cover or grating set in flagging, even with the surface of the sidewalk, and said cover or grating shall have no lock, hinge or any fastening projecting above the sidewalk, and shall be secured in such manner as to prevent accident to any one passing over it.

"And plaintiff further states that on January 1, 1902, there was and for many months prior thereto there had been an opening in said sidewalk in front of said house and lot leading into the cellar of said house, and said opening was covered by a door which was set on and fastened to a stone base or flagging which extended out from the wall of said house six or seven feet into and across said sidewalk, and said stone base or flagging was not even with the surface of said sidewalk, but on the contrary projected above the surface of said sidewalk three or four inches, forming and constituting an obstruction of and in said sidewalk dangerous to persons passing along and over said sidewalks, and a nuisance in and upon said public street and highway. And plaintiff further says that while she was lawfully walking along and over said sidewalk on the first day of January, 1902, about eight o'clock in the evening and while it was dark on said sidewalk at the place where said obstruction existed, her foot struck against said stone base or flagging which projected above the surface of said sidewalk as aforesaid by reason of its situation and projection above said sidewalk as aforesaid, whereby the plaintiff was caused to fall with great force and violence on said stone base or flagging and said sidewalk, severely spraining and otherwise injuring her knee and leg, and otherwise severely injuring her.

"And plaintiff says that the city of St. Louis by its officers and agents in charge of keeping said street in repair and in a safe condition for people travelling the same, knew, or by the exercise of ordinary care would have known, of the existence of said stone base or flagging in said sidewalk, and that it projected above the surface of said sidewalk as aforesaid, and constituted a dangerous obstruction of said street as aforesaid, in time, by the exercise of ordinary care, to have caused said obstruction to be removed and said sidewalk made safe before plaintiff was injured as aforesaid, but it negligently failed and neglected to do so. And plaintiff says that as the direct consequence of her said injuries received as aforesaid she has suffered, and will suffer, great pain of body and mind, and has been ever since said injury confined to her house, and is still so confined, and has been rendered unable to labor, and has been permanently injured and disabled and rendered unable to work or labor, and has lost and will lose during the remainder of her life the separate earnings of her labor, and she has sustained disfigurement of person and impairment and injury of her physical powers, to her damage in the sum of five thousand dollars, for which she asks judgment."

The answers were a general denial and a plea of contributory negligence.

The defendant Blanke moved the court to require the plaintiff to elect upon which cause of action she would go to trial, alleging that the petition stated two causes of action, one charging liability for violation of a city ordinance, and the other charging negligence independent of said ordinance, and that the cause of action stated against the defendant city is at variance with the cause of action stated against the defendant Blanke. The motion was overruled, and the cause coming on for trial the defendant Blanke objected to the introduction of any evidence on the ground that the petition does not state facts sufficient to constitute a

cause of action.   Which objection having been over-
ruled, the plaintiff introduced evidence tending to
prove the facts alleged in the petition.   To the intro-
duction of the ordinance referred to in the petition the
defendant Blanke objected.   Her objection was over-
ruled and she excepted.   At the close of the plaintiff's
evidence the defendants' demurred thereto, and their
demurrers were overruled, and at the close of all the
evidence, the defendants demurred thereto and their
demurrers were overruled, and the case was submitted
to the jury with the following instructions:

"1.   If the jury believe from the evidence that
Manchester avenue between Leffingwell and Ewing
avenues, in the city of St. Louis, on January 1, 1902,
and for many years previous thereto, was a public
street and highway with the roadways and sidewalks
thereof improved; and if the jury believe from the evi-
dence that on January 1, 1902, there was on and across
said sidewalk of said avenue in front of house No. 2822
Manchester avenue, which was and is situated between
said Leffingwell and Ewing avenues, a cellar door set
on a stone base or flagging, and which door and flag-
ging projected above the surface of said sidewalk; and
if the jury further believe from the evidence that the
plaintiff on the night of January 1, 1902, was walking
on and along said sidewalk in front of said building,
and while so walking was using ordinary care for her
own protection, and while so walking the foot of plain-
tiff struck against said stone flagging and cellar door,
thereby causing plaintiff to fall and injure her knee
and leg; and if the jury further believe from the evi-
dence that the projection of said stone flagging and
cellar door above the level of the surface of said side-
walk rendered said sidewalk unsafe for people walking
along and over said sidewalk as hereinafter explained;
and if the jury further believe from the evidence that
the city of St. Louis, through its proper officers, knew,
or by the exercise of ordinary care would have known,

of the existence of said stone flagging and cellar door in and across said sidewalk and of their projection above the surface of said sidewalk in time, by the exercise of ordinary diligence, to have removed said stone flagging and cellar door, or to have caused the same to be lowered to the level of the surface of said sidewalk before plaintiff struck her foot against the same as aforesaid, then the jury will find in favor of plaintiff against the defendant, the city of St. Louis.

"If the jury believe and find from the evidence that Manchester avenue between Leffingwell and Ewing avenues in the city of St. Louis on January 1, 1902, and for many years previous thereto, was a public street and highway with the roadway and sidewalk thereof improved; and if the jury further believe from the evidence that on January 1, 1902, there was on and across said sidewalk of said avenue in front of house No. 2822 Manchester avenue, which was and which is situated between said Leffingwell and Ewing avenues, a cellar door set on a stone base or flagging, and which door and flagging projected above the surface of said sidewalk; and if the jury further believe from the evidence that the plaintiff on the night of January 1, 1902, was walking on and along said sidewalk in front of said building, and while so walking was using ordinary care for her own protection, and while so walking the foot of plaintiff struck against said stone flagging and cellar door, thereby causing plaintiff to fall and injure her knee and leg; and if the jury further find from the evidence that defendant Blanke was the owner and in possession, through her tenants, of said house No. 2822 Manchester avenue on said January 1, 1902, and that on said January 1, 1902, said defendant maintained said stone flagging and cellar door for the use and benefit of her said tenants living in said premises No. 2822 Manchester avenue; and if the jury further believe from the evidence that the projection of said stone flagging and cellar door above the level of the surface of

said sidewalk rendered said sidewalk unsafe for people walking along and over said sidewalk, then the jury will find in favor of plaintiff against the defendant Blanke. And unless you so find the facts to be as herein above in this instruction set out, your verdict will be for the defendant Blanke.

"If the jury find in favor of plaintiff they will assess her damages in such sum as the jury find from the evidence will compensate her for all pain of body and mind which she has suffered, or hereafter may suffer, as the direct result of striking her foot against said stone flagging or cellar door mentioned in the evidence and also if the jury believe from the evidence that as the direct result of her striking her foot against said stone flagging or cellar door the ability of plaintiff to work or labor has been diminished, they may consider such fact, as well as the character of the injury received, whether temporary or permanent in assessing the amount of her damages. . . .

"Before the jury can find a verdict in favor of plaintiff and against defendant city of St. Louis, they must find and believe from the evidence that the defendant has been guilty of some negligence which directly and proximately caused the injury complained of, and that the plaintiff was guilty of no negligence which directly contributed to the accident; for if both plaintiff and defendant were negligent, then the plaintiff is not entitled to recover in this case."

(1) For the city, it is contended that the court erred in not sustaining its demurrer to the evidence, for two reasons:

First. Because the elevation of the cellar door above the sidewalk was too slight to constitute an obstruction within the meaning of the law.

Second. Because if it was of sufficient height to make it such, the plaintiff was guilty of contributory negligence in not avoiding it.

The evidence tended to prove that Manchester

avenue is a public street and that the street and its side-walks are much travelled both day and night. That the sidewalk thereon in front of defendant Blanke's premises extended from the building to the outside of the curb, ten feet ten inches. That the cellar door extended five feet eight and one-half inches from the building across the sidewalk, was five feet three and one-half inches in width, and was elevated above the pavement about four inches at the building and two and one-half inches at the other end near the center of the sidewalk, in which direction it declined. The pavement was of granitoid, the cellar door was of wood set on a stone base. Whether such a structure in such a place was a dangerous obstruction to travellers on the sidewalk as the evidence tended to prove was a question of fact to be determined by the jury, to whom it was properly submitted.

The only facts in the evidence upon which the claim is predicated that the case should have been taken from the jury on the ground of plaintiff's contributory negligence, are that prior to the accident she had walked on this sidewalk two or three times, and on one occasion had remarked that it was dangerous. These facts were proper for the consideration of the jury in determining the question of her contributory negligence, but they did not afford sufficient ground for holding as matter of law that she was guilty of contributory negligence. [Flynn v. City of Neosho, 114 Mo. 567; Barr v. City of Kansas, 105 Mo. 550; Maus v. City of Springfield, 101 Mo. 613; Buesching v. St. Louis Gaslight Co., 73 Mo. 219.]

(2) For the defendant Blanke, it is further contended that the demurrer to the evidence ought to have been sustained because an abutting property-owner owes to the public no duty to keep the sidewalk in front of his premises in a reasonably safe condition for the use of pedestrians and is not liable for failure so to do. In Reedy v. Brewing Assn. and City of St. Louis,

161 Mo. 523, a like contention was made upon the same authorities herein cited in support thereof, to which this court, per VALLIANT, J., replied as follows: "It is argued upon the authority of Norton v. St. Louis, 97 Mo. 537; St. Louis v. Conn. Mutual Life Ins. Co., 107 Mo. 92; Baustian v. Young, 152 Mo. 317, and other cases cited, that the abutting owner is not responsible for the condition of the sidewalk in his front, but that the duty to look after that is on the city alone. It does not, however, impair the doctrine laid down in those cases to say that an individual may become liable and jointly liable with the city for an unsafe condition of the sidewalk. This liability does not arise from the fact that he is the owner of the property abutting the sidewalk, but from the fact that he is instrumental in causing the condition, either by his willful act or negligent omission to perform a duty which the law imposes on him. If he is allowed an extraordinary use of the sidewalk for his private convenience, as, for example, to place in it a manhole for the reception of coal (Benjamin v. Railroad, 133 Mo. 274), a water meter (Carvin v. St. Louis, 151 Mo. 334), or an excavation in close proximity to the sidewalk for a foundation for a new building (Wiggin v. St. Louis, 135 Mo. 558), the law imposes on him the exercise of reasonable care to guard the public from injury in such use."

The defendant Blake in this case was allowed the extraordinary use of the sidewalk for her private convenience in that she was allowed to construct and maintain therein a private cellar-way to her premises. If in this use she so constructed *or maintained* a cellar door and a base so high above the pavement as to render the sidewalk unsafe for pedestrians thereon, she failed to discharge the duty imposed on her by law, and in the absence of contributory negligence, she ought to respond in damages for injuries caused by such unsafe condition thus created by her. [2 Dillon, Mun. Corp. (4 Ed.), sec. 1032; Elliott on Roads & Streets (2 Ed.),

sec. 711.] This was the cause of the action stated against her in the petition. It was entirely consistent with the cause of action stated against the city. The ordinance therein referred to and admitted in evidence was not the basis of the cause of action, but simply evidence tending to show that the cellar door was not constructed as authorized. This was a negation not necessary to the cause of action perhaps, but one which in no way changed or impaired it. Hence the court committed no error in overruling the motion to elect, and the demurrers to the evidence, and no reversible error in admitting the ordinance in evidence.

(3)    Some other exceptions were saved to the rulings of the court upon the admission of evidence, but we find no reversible error in those rulings. It is also contended that the court committed error in instructing the jury that if they believe from the evidence "that as a direct result of her striking her foot against said stone or flagging or cellar door, the ability of plaintiff to work or labor has been diminished, they may consider such fact as well as the character of the injury received, whether temporary or permanent, in assessing the amount of her damages." The contention being that as the plaintiff is a married woman her services belong to her husband and hence she is not entitled to damages for the impairment of her ability to work.

It is true that the evidence discloses the fact that the plaintiff is a married woman, but it also discloses the further fact that she was engaged in the business of running a boarding house in which she did her own work and that her husband was a cripple who did only such "chores" incident to the business as he was able to do. Under our statute a married woman "is deemed a feme sole so far as to enable her to carry on and transact business on her own account," in whom is also vested a right of action for any money due her as "the wages of her separate labor" "or has grown out of any violation of her personal rights." The impair-

ment of her ability to work in the business she was conducting would seem to be a proper element of her damages for the injury which caused it. [Smith v. Railroad, 118 Mo. 246.] This case is to be distinguished from those cited in support of this contention in which it was in effect held that the wife was not entitled to recover for impairment of ability to perform ordinary household duties. Moreover, the jury were not authorized by the instruction in the case to allow damages for loss of time or services. They were simply told in determining the extent of her injuries they might take into consideration any diminution of her power to work. To impair the power of any person, whether of body or mind, is an injury to personal right wholly apart from any pecuniary benefit that might be derived from the exercise of the power. As was said by BLECKLEY, C. J., in Railroad v. Jacobs, 88 Ga. l. c. 652, "It seems to us that the loss or material impairment of any power or faculty is matter for compensation, irrespective of any fruits, pecuniary or otherwise, which the exercise of the power or faculty might produce; and irrespective, also, of any conscious pain or suffering which the loss or impairment might occasion. Every person is entitled to retain and enjoy each and every power of body and mind with which he or she has been endowed, and no one, without being answerable in damages, can wrongfully deprive another by a physical injury of such power or faculty, or materially impair the same. That such deprivation or impairment can be classed with pain and suffering was ruled by this court in Powell v. Railroad, 77 Ga. 200; and inasmuch as enforced idleness or diminished efficiency in offices of labor is calculated to give rise to mental distress, it is not error to describe the thing by its effects and call it pain and suffering. But it need not be so called necessarily, and consequently it was not misleading for the court to treat it separately as a sub-

ject-matter for compensation in damages, although the plaintiff was a married woman." This doctrine also prevails in Massachusetts (Jordan v. Railroad, 138 Mass. 425), and in this State. It is expressed in Cullar v. Railroad, 84 Mo. App. l. c. 346, where ELLISON, J., commenting on two of the cases cited in support of this contention, says: "The husband is allowed to recover for the loss of the wife's services, and she cannot include in her damages any loss of time wherein she might have rendered him service. But that will not prevent her from recovering for all those things which injure her, apart from a mere loss of service and society to which her husband is entitled. Physical disability is a personal loss apart from being a deprivation of a money-earning power. In Plummer v. Milan, 70 Mo. App. 598, and later in Wallis v. Westport, 82 Mo. App. 522, we held it improper to direct an allowance of damages for a married woman's inability to perform her ordinary avocations of life. But this does not prevent her recovering for a physical disability which may perhaps be a constant source of discomfort, inconvenience and annoyance."

Other cases in harmony with this doctrine are cited in the brief of counsel for respondent. Human nature is so constituted that physical labor in some form is essential to health and happiness and to be deprived of the power to work is one of the most serious personal injuries, independent of the pecuniary benefits that such labor may confer, and from any standpoint, whether of statute or common law, a married woman like any other human being ought to be compensated so far as may be for such deprivation, if wrongful, and we do not think the court committed error in so holding in this instruction.

(4) Finally it is contended that the damages are excessive. On this point it is only necessary to say that after due consideration of the evidence as to the nature and extent of the plaintiff's injuries we fail

to find therein, or in the verdict, any evidence of partiality, prejudice or passion upon the part of the jury, nor is the amount of such verdict under the circumstances of the case at all shocking to our sense of justice.

And upon the whole case, finding no reversible error, the judgment of the circuit court will be affirmed.

All concur, except *Robinson, J.,* absent.