EMMA R. ST. LOUIS, Respondent, v. KANSAS
CITY, Appellant.

Kansas City Court of Appeals, February 27, 1905.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalk: Degree of Care: Instruction.** A municipality should keep its sidewalks in a reasonably safe condition and instructions increasing its burden in that regard should not be given; and in this case such instructions were not cured by others given.

2. **DAMAGES: Petition: Evidence: Instructions.** An instruction should in no case go beyond the petition enumerating the elements of damage, nor should it go so far unless the evidence supports the allegations therein.

3. ———: **Evidence: Experts: Instruction.** A defendant may be entitled to an instruction that while the jury is not bound to accept the testimony of experts, yet, it had no right to disregard such testimony merely for the reason that it was given by experts, and such instruction is held improperly refused.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

REVERSED AND REMANDED.

*R. J. Ingraham,* City Counselor, and *L. E. Durham* for appellant.

(1) That portion of instruction numbered 1, given for respondent, whereby the jury was told that the city was bound in law to "securely" and "safely" bind the different sections of the sidewalk together, so that it would be safe, was erroneous. It required absolute unqualified safety. The city is only bound to keep its sidewalks reasonably safe. Smith v. Brunswick, 61 Mo. App. 578; Wallis v. Westport, 82 Mo. App. 522; Nixon v. Railroad, 141 Mo. 438; Carvin v. St. Louis, 151 Mo. 334; Baustian v. Young, 152 Mo. 325. (2) It was in

conflict with other instructions on that point, and no one can tell which the jury followed. Wallis v. Westport, 82 Mo. App. 522; Linn v. Bridge Co., 78 Mo. App. 111; Shoe Co. v. Lisman, 85 Mo. App. 340. (3) Further on in the instruction the court erred in not limiting the recovery to negligence charged in the petition. It warranted a recovery for any negligence. Ely v. Railroad, 77 Mo. 34; Chitty v. Railroad, 148 Mo. 64; Haynes v. Trenton, 108 Mo. 123; Gerber v. Kansas City, 105 Mo. App. 191, — S. W. —; Kenney v. Railroad, 76 Mo. 254. (4) The instruction refers to "severe contusions, abrasions and concussions" received by respondent. This was error, as the evidence fails to show any of these things. It is error to refer to injuries the evidence does not support. Brake v. Kansas City, 100 Mo. App. 611; Memmerberg v. Railroad, 62 Mo. App. 658; Rhodes v. Nevada, 47 Mo. App. 499; Evans v. Joplin, 76 Mo. App. 20; Smith v. Railroad, 48 Mo. 367.

*E. E. Hairgrove* and *J. M. Cole* for respondent, filed lengthy argument.

ELLISON, J.—Plaintiff, claiming to have been seriously injured on one of defendant's sidewalks, brought this action for damages and prevailed in the trial court.

There was evidence tending to show that she fell from a defective sidewalk, while passing over it, in the exercise of ordinary care. The evidence further tended to show that plaintiff suffered severe and permanent injury on account of the fall. In our opinion the case made by the plaintiff justified the trial court in submitting it to the jury.

But there are several serious objections to instructions given at the instance of plaintiff. Instruction numbered one in express terms made it necessary that the sections of the sidewalk should be so "securely and

safely bound together that they would be safe'' for persons using the walk with reasonable caution and care. In instruction numbered three the jury were told, ''that if you believe from the evidence that said sidewalk was defective and in a dangerous and unsafe condition for public use as described in plaintiff's first instruction,'' etc. The defendant by the first of these instructions was required to have the sidewalk in such condition that it would be unqualifiedly safe for pedestrians, and this was emphasized by the wording of the other with its reference to the first. They should not have been given in such form. They exact a higher duty of defendant than does the law. If the city keeps its walk in a *reasonably* safe condition it has discharged its duty. [Wallis v. Westport, 82 Mo. App. 522; Baustian v. Young, 152 Mo. 317, 325; Carvin v. St. Louis, 151 Mo. 334; Nixon v. Railroad, 141 Mo. 438; Smith v. Brunswick, 61 Mo. App. 578.]

It is suggested that while the instructions may be faulty in the respect mentioned, yet they are cured by others given in the case, especially in view of what plaintiff considers the great preponderance of the evidence as to the condition of the walk. We do not think so. In our opinion the plaintiff's instructions tended to exaggerate the conditions against the city to such a degree as to demand a new trial.

The further error appears in the instruction in referring to character of injuries which plaintiff did not receive. It frequently happens that there is more set out in a petition describing the injury than the evidence subsequently substantiates. Therefore, while the instruction should not, in any case, go beyond the petition, it should not go so far as the petition unless the evidence has given support to the allegations therein. The juries of the country have never been accused of parsimony in measuring damages against a city and it is, therefore, unfair, as well as a legal impropriety, to attempt to aggravate the plaintiff's case

by words or phrases which exaggerate his injury, unless they are justified by both the petition and the evidence. The instruction submits the hypothesis of severe abrasions. This was justified by the language of the petition but not by the evidence in the cause.

An instruction offered by defendant was refused which, while in effect, informing the jury that they were not bound to accept the testimony of experts (the physicians) who were introduced, yet they had no right to disregard such testimony merely for the reason that it was given by experts. It has been repeatedly ruled by the Supreme Court that it was proper to give an instruction to the jury that they were not bound by the testimony of experts. [Hoyberg v. Henske, 153 Mo. 64; St. Louis v. Ranken, 95 Mo. 192; Hull v. St. Louis, 138 Mo. 618.] In view of that rule we are of the opinion that defendant was entitled to the converse as embodied in the refused instruction. We are not willing to say that the giving of such an instruction would, in all instances of expert testimony, be required; but in the circumstances of this case, we believe justice demanded it and that it was error to refuse it.

Other instructions are criticised, but we do not consider the criticism of substantial merit.

The judgment is reversed and the cause remanded. All concur.