THOMAS KEMPA, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, April 6, 1914.

1. **NEGLIGENCE: Municipal Corporations: Streets.** Plaintiff, driving a horse and buggy, came to the intersection of two streets, and being unaware of a gully that had been washed out by surface water, the hind wheel of the buggy dropped into the gully, frightened the horse, which ran away, and he was thrown out of the buggy and injured. *Held*, that there was no prejudicial error in the record, which would warrant a reversal of the judgment.

2. **INSTRUCTIONS: Dangerous and Unsafe.** An instruction which states "and you further find from the evidence that the said streets at said point were thereby rendered *dangerous and unsafe*," is not so erroneous as to furnish ground for disturbing a judgment.

3. **————: Streets Open to Public Use.** An instruction which states "that said streets had been by the city of St. Joseph

thrown open for travel by the public thereon" is not erroneous, where the evidence shows not only continuous public use but also that the city kept both streets in repair and thereby invited the public to use them.

4. NEW TRIAL: Newly Discovered Evidence. Where the court refuses to grant a new trial on the ground of newly discovered evidence, when the affidavits filed in support thereof fail to disclose reasonable diligence to discover the new witness in time to procure his testimony at the trial, it is not error.

Appeal from Buchanan Circuit Court.—*Hon. C. H. Mayer*, Judge.

AFFIRMED.

*Frank B. Fulkerson, L. E. Thompson* and *Herman Hess* for appellant.

*Duvall & Boyd* and *Mytton & Parkinson* for respondent.

JOHNSON, J.—Action for personal injuries plaintiff alleges were caused by the negligent failure of defendant city to maintain a public street in a reasonably safe condition for travel. The answer is a general denial and a detailed plea of contributory negligence. The action is here on the appeal of defendant from a judgment of $2250 recovered in the circuit court.

Plaintiff, a laborer employed in railroad shops in St. Joseph, lived in the country south of the city and generally drove to and from his work in a single buggy. On the day of the injury he entered the city on Sixteenth street and drove north to its intersection with Seymour street where he was thrown out of the buggy and injured. The locality is in an extreme southern portion of the city where the streets were neither paved nor graded to an established grade, but there is abundant evidence that both streets had been accepted by the city and opened to public travel. There were many residences in the neighborhood, the streets were traveled by many people and the evidence of

plaintiff is uncontradicted that for many years defendant, at different times, had done surface grading on both streets to keep them in a reasonably safe condition for travel. In coming north on Sixteenth street plaintiff drove down a long hill, and thence a hundred feet or more on a slight grade to Seymour street which runs east and west and is fifty feet wide. Sixteenth street is forty feet wide and there is a break in its continuity at Seymour street, the northern extension being about 150 feet east of the southern. On reaching Seymour, plaintiff would have gone east on that street to the northern prolongation of Sixteenth and thence across some railroad tracks to Garfield avenue.

The evidence of plaintiff shows that for a long time before the injury the intersection of the two streets had been allowed to remain in a dangerous condition, caused by the presence of a gully washed out by surface water to a width of two or three feet and a depth of more than two feet. The gully started in Sixteenth street at a point about fourteen feet west of the east property line and six feet south of the intersection. It ran northeast into the intersection, thence abruptly west several feet and thence northeast to and across the north line of Seymour street. Plaintiff states he did not know of the jog in the course of the ditch and did not know of the extent of the obstruction. He was giving attention to the horse and the way in front when the right wheels dropped down in the ditch near the south line of the intersection causing the horse to become frightened and unmanageable. The horse ran north and then suddenly turned eastward in a way to cause the right wheels of the buggy to mount a bank and the left wheels to drop into the ditch. Plaintiff was thrown out and sustained severe and painful injuries.

We are asked to reverse the judgment on the ground that plaintiff was guilty of contributory negligence as a matter of law. Defendant pleaded and proved a city ordinance requiring that "vehicles turning to the right into another street or roadway, must turn the corner as near to the curb as possible."

The ordinance must be regarded as a proper police regulation but under the evidence we would not be justified in saying that plaintiff must have violated it, or that if he did, such violation contributed to his injury. The street was in an unsafe condition which compelled him to pick the safest available way, and the position and nature of the ditch are shown to have been such as would lead to the inference that he could not have observed the ordinance without incurring an unnecessary risk of injury. The purpose of the ordinance was to make travel on the public streets more safe and when, through the negligence of the city, observance of the regulation would be more dangerous than nonobservance, a traveler should not be condemned but commended for refusing to expose himself to such unnecessary risk. The characterization of plaintiff's conduct in driving into the ditch at the place where he did, appears from all the facts and circumstances to involve issues of fact which the court properly submitted to the jury.

Objection is urged to the main instruction given at the request of plaintiff which employs the expression "and you further find from the evidence that said streets at said point were thereby rendered dangerous and unsafe," etc. It is argued that the words "dangerous and unsafe" imposed a greater burden or degree of care than the law imposed upon the city which was to exercise reasonable care to maintain the streets in a reasonably safe condition for travel. [Wallis v. Westport, 82 Mo. App. 522; Baustian v. Young, 152 Mo. 317; Carvin v. St. Louis, 151 Mo. 224; Nixon v. Railroad, 141 Mo. l. c. 438.]

The point is very technical and was held by this court in a recent case to afford insufficient ground for disturbing a judgment. [Hall v. City, 163 Mo. App. l. c. 221.] Speaking of the same words similarly employed, Broaddus, P. J. well observed: ''We are of the opinion that if the obstruction was of the character described by the language used, it would be equivalent, at least, to saying that it was reasonably safe. We do not think the jury could have been misled thereby.''

Further it is complained of the instruction that it submitted the question ''that said streets had been by the city of St. Joseph thrown open for travel by the public thereon.'' The objection appears to be founded on the erroneous supposition that the evidence discloses nothing more than mere user of the streets by the public and the rule is invoked that mere use of a street that has not been prepared for use and to which, therefore, the traveling public has not been invited, cannot cast upon the city the duty of keeping such street in repair. [Ruppenthal v. St. Louis, 190 Mo. 213; Downend v. Kansas City, 156 Mo. 60.] In the present case we find evidence not only of continuous public use but also uncontradicted evidence that the city had kept both streets in repair and thereby invited the public to use them. Such invitations and its acceptance by the public implied an assumption by the city of the burden of maintaining the streets in a reasonably safe condition. [Benton v. St. Louis, 217 Mo. 687; Curran v. City, 143 Mo. App. 618; Ely v. St. Louis, 181 Mo. 724.]

Defendant's instruction ''D'' was properly refused, there being no ground in the evidence for an inference that the fright of the horse preceded and therefore was not caused by the dropping of the right wheels into the ditch.

The point that the court erred in not granting a new trial on the ground of newly discovered evidence

is ruled against defendant for the reason that the affi-davits filed in support of the motion failed to disclose reasonable diligence to discover the new witness in time to procure his testimony at the trial.

There is no prejudicial error in the record and the judgment is affirmed. All concur.