Nora COLLIER, Respondent,

v.

John R. SIMMS, Appellant,

No. 23710.

Kansas City Court of Appeals.

Missouri.

April 1, 1963.

Henry G. Eager, John J. Kitchin, Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, for appellant.

Robert G. Oberlander, George T. O'-Laughlin, Kuraner, Freeman, Kuraner, Oberlander & Lamkin, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action for damages for personal injuries. Plaintiff, a married woman, recovered a verdict and judgment against defendant in the sum of $6,000. Defendant appealed.

Defendant does not contend that the verdict is excessive. He makes the single point —that the court erred in refusing to give Instruction No. 17, which reads as follows:

"The Court instructs the jury that you may under no circumstances herein consider or award any monetary damages to plaintiff for her physical inability to perform her domestic duties because these matters are legally the subject of an entirely separate claim by her husband."

Thus the issue is narrowed to this: May a wife, who is not employed outside the home, recover damages in Missouri for impairment of her physical ability to perform her domestic duties?

We take it to be axiomatic that to impair the ability to work of any human being (husband, wife, bachelor or spinster) is to injure a personal right, quite apart from any monetary loss, which might result from such impairment. Any physical inability of a housewife to perform domestic duties must necessarily mean a physical inability to work and labor. Put another way, if a

housewife may not be permitted to recover damages for physical inability to perform her domestic duties, then it follows, as night follows day, that a housewife may not recover for physical inability to work and labor. This simply cannot be, and is not the law. If it were the law, then every woman, upon becoming a housewife, would thereby deprive herself of the right to recover for any impairment of her inability to work and labor and perform her domestic duties.

The proposition for which defendant contends ignores the simple fact that a woman's ability to work and labor, be it in the home, or elsewhere, is as much a personal right to her as a man's is to him. The fallacy of defendant's argument lies in his failure to distinguish between the *value* of domestic services and the personal *right* to perform them.

The Supreme Court of this State said it all, and said it well, in Perrigo v. City of St. Louis et al., 185 Mo. 274, 84 S.W. 30, 34, in a case involving injury to a married woman:

"To impair the power of any person, whether of body or mind, is an injury to personal right wholly apart from any pecuniary benefit that might be derived from the exercise of the power. As was said by Bleckley, C. J., in Railroad v. Jacobs, 88 Ga. 652, loc. cit., 15 S.E. 826: 'It seems to us that the loss or material impairment of any power or faculty is a matter for compensation, irrespective of any fruits, pecuniary or otherwise, which the exercise of the power or faculty might produce, and irrespective, also, of any conscious pain or suffering which the loss or impairment might occasion. Every person is entitled to retain and enjoy each and every power of body and mind with which he or she has been endowed, and no one, without being answerable in damages, can wrongfully deprive another, by a physical injury, of any such power or faculty, or materially impair the same. That such deprivation or impair-

ment can be classed with pain and suffering * * * and, inasmuch as enforced idleness or diminished efficiency in offices of labor is calculated to give rise to mental distress, it is not error to describe the thing by its effects, and call it pain and suffering. But it need not be so called necessarily, and consequently it was not misleading for the court to treat it separately as a subject-matter for compensation in damages, although the plaintiff is a married woman.' "

■ It was proper for the Court to instruct the jury that it was not to consider or award damages to plaintiff arising out of any loss to her husband by reason of any physical inability on plaintiff's part to perform her domestic and marital duties. And the Court did so instruct the jury, at defendant's request, in Instruction No. 14.

■ Had defendant chosen, which he did not, to request an instruction advising the jury that plaintiff could not recover for loss of time relating to her domestic duties, such would have been proper. State ex rel. St. Louis Public Service Co. v. McMullan, Mo., 297 S.W.2d 431, 436; Flintjer v. Kansas City, (Mo.App) 204 S.W. 951, 952. But to categorically, and without qualification, instruct the jury that plaintiff was, in no wise, to be allowed damages for physical inability to perform her domestic duties, would have been error.

The trial judge speaking extemporaneously, at the settling of instructions, stated the law as clearly as it could be stated when he said:

"It is the opinion of the Court that the language as used in that instruction 'physical inability to perform her domestic duties', goes to the impairment and inability of the plaintiff to perform her usual and ordinary duties; in other words her ability to work and labor, which is a compensable item to her and which is not properly a subject that is compensable to her husband."

The judgment is affirmed. All concur.